**Elfego LOPEZ GARZON, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 05–72986, 05–74865.**

United States Court of Appeals, Ninth Circuit.

**634**

Submitted April 16, 2007.*

Filed April 27, 2007.

Jorge I. Rodriguez–Choi, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kristin K. Edison Fax, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, M. Jocelyn Lopez Wright, Esq., Song Park, Esq., for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM **

Elfego Lopez Garzon, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") decision denying his application for cancellation of removal, and the BIA's order denying his motion to reconsider. We dismiss the petition for review in No. 05–72986 in part and grant in part, and we deny the petition for review in No. 05–74865.

We lack jurisdiction to review the agency's discretionary determination that Lopez Garzon failed to show exceptional and extremely unusual hardship to a qualifying relative, *see Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003), and Lopez Garzon's contention that the IJ and BIA misapplied the law to the facts of his case does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001) (holding that the "misapplication of case law" may not be reviewed).

The BIA was within its discretion in denying Lopez Garzon's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision affirming the IJ's order denying cancellation of removal. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

In the underlying proceedings the IJ granted voluntary departure for a 60 day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the agency for further proceedings regarding voluntary departure.

**PETITION FOR REVIEW No. 05–72986 GRANTED in part and DISMISSED in part; REMANDED; PETITION FOR REVIEW No. 05–74865 DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.